# IN THE COURT OF APPEALS OF IOWA

No. 17-1350
Filed November 8, 2017

**IN THE INTEREST OF J.D.-G.,**
**Minor Children,**

**J.D.-G., Father,**
       Appellant.

_____

Appeal from the Iowa District Court for Tama County, Nicholas L. Scott, District Associate Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

Deborah M. Skelton, Walford, for appellant father.

Thomas J. Miller, Attorney General, and Gretchen Witte Kraemer, Assistant Attorney General, for appellee State.

Breanna Margaret Nelson of Grimes, Buck, Schoell, Beach & Hitchins, Marshalltown, guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

A father appeals the termination of his parental rights to his child born in 2016. He contends (1) the grounds for termination lack evidentiary support and (2) termination is not in the child's best interests.

*I.* The district court terminated the father's parental rights pursuant to several statutory provisions. We may affirm the termination decision if we find clear and convincing evidence to support any of the grounds cited by the court. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

Our de novo review of the record reveals the following facts. The department of human services reported that the parents had "a history of substance abuse, domestic violence, and safety concerns," and the mother's parental rights to another child were terminated. In light of that termination, the department intervened to ensure the safety of this child following her birth. The parents made a safety plan and initially participated in safety services. However, ongoing concerns about their ability to safely parent their child prompted the department to file a petition to have the child adjudicated in need of assistance.[1]

Meanwhile, the department reported, "A [c]hild [a]buse assessment was initiated . . . due to concerns [the father] physically forced [the mother] to the ground and smashed his cell phone while [the child] was present in the home." The father was placed on the child-abuse registry for denial of critical care and failure to provide proper supervision, with the child listed as the victim.

---

[1] The Sac and Fox Tribe of the Mississippi in Iowa notified the court that it would not intervene or request transfer of the matter to Tribal Court.

The parents stipulated to adjudication of the child as a child in need of assistance. The child remained with the mother under the protective supervision of the department.

Within two weeks of the adjudicatory order, the department determined that the mother was absent, her whereabouts were unknown, and the father was prohibited from having any unsupervised contact with the child. The agency sought and obtained a temporary removal order. The child was ultimately placed with her maternal grandmother, where she remained through the termination hearing.

The father was in jail at the time of the hearing and did not appear. He failed to maintain any contact with his attorney.

A service provider who supervised visits testified the father only visited the child three times in the eight months she was involved with the case, even though "[h]e could have had one [visit] every week." As for the father's participation in other services, a department social worker testified he "made no mental health appointments; he made no appointments to have his substance abuse evaluation; and he participated in no drug testing for the department." She stated the father was "in absolutely no position to care for his daughter."

We conclude the State proved by clear and convincing evidence that the child could not be returned to the father's custody. *See* Iowa Code § 232.116(1)(h)(4) (2017).

***II.*** The father argues termination was not in the child's best interests. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). On our de novo review, we disagree. As the district court stated:

> [The father] opted to hang out with friends instead of attending a visit with [the child] and continued to make decisions preventing stability due to incarceration. Due to [the child's] young age, the inconsistency of [the father's] visits, and small quantity of visits (three since September 2016); there is no possible way to conclude a close parent-child relationship between [the child] and [father] was established, let alone it would be detrimental to [the child] to terminate.

We concur in this assessment. We affirm the termination of the father's parental rights to this child.

**AFFIRMED.**